**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**KATE A. ROCHAT**
Assistant U.S. Attorney
Kate.Rochat@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 13, 2026

Ernest Warren
Warren & Sugarman
838 Southwest 1st Avenue, Suite 200
Portland, Oregon 97204

Re: *United States v. Dajohntae Richard*, Case No. 3:25-cr-00321-IM
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 and, Count 3 of the Indictment, which charges the crimes of Sex Trafficking by Fraud, Force, and Coercion, in violation of Title 18 United States Code, Sections 1591(a)(1) and (b)(1).

3. **Penalties**: The maximum sentence is life imprisonment, a mandatory minimum sentence of 15 years' imprisonment, a fine of $ 250,000 or twice the gross pecuniary gains or losses resulting from the offense if such amount is determined to exceed $250,000, 5 years ~~of to~~ life term of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases. K.A.R. D.R. EW

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an

aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

***Sex Offender Registration***: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state or tribal territory in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Even if no such changes occur, defendant must periodically appear in person at a sex offender registration facility to be photographed and verify his information in the registry. How frequently defendant must appear in person depends on the severity of the offense that made defendant a sex offender, and could be as frequently as every three months. See 34 U.S.C. § 20918. Defendant must also notify the local sex offender registry of any plans to travel internationally prior to any such travel. Defendant understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register or update his registration as a sex offender, or failing to provide notice of international travel as required.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One and Count Three of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly recruited, enticed, harbored, transported, provided, obtained and maintained a person;

Second, the defendant knew that force, threats of force, fraud, coercion, or any combination would be used to cause the person to engage in a commercial sex act; and

Third, the defendant's acts were in or affecting interstate or foreign commerce.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

In 2025, in the Seattle Washington area. In June of 2025, the Defendant approached Minor Victim 1, a 15- year-old and told her that she worked with him. Within days of meeting her, the defendant began trafficking MV1 by taking her to areas know for a high prevalence of prostitution and instructing her to have sex with men who approached her in exchange for money. Also, within days of approaching her, the Defendant threatened violence against MV1. MV1 reported that she feared for her life, complied with his instructions and, throughout the time when she was trafficked, provided money from the illicit sexual acts to the defendant. This went on for roughly a month. Throughout this time period, the defendant provided MV1 with food, water, and accommodation. He transported her to new locations to engage in sexual acts. The defendant also controlled MV1's use of her cellphone.

Beginning one month prior, in approximately May of 2025, the Defendant contacted Minor Victim 2, a 15-year-old, on Facebook. He arranged to meet with MV2 in person. That same day, he had sexual intercourse with her, drove her to Aurora Blvd in the State of Washington, instructed her to walk along the road to solicit men seeking sexual services, and struck her in the face when she did not comply. Over the course of the next two months, the defendant trafficked MV2 in the same manner that he trafficked MV1 and instructed MV1 to provide him with all proceeds of the sex acts she performed with adult men. On multiple occasions, the Defendant hit and choked MV2. On one occasion, he struck her in the face and choked her, causing a visible injury. This was witnessed by MV1. MV2 was afraid that the Defendant would injure or kill her.

Throughout the time period when the Defendant was trafficking MV1 and MV2, the Defendant used, or caused the MV1, MV2 and AF1 to use, electronic banking and financial services to transmit the proceeds of his crimes. The Defendant also transported his victims between the State of Oregon and the State of Washington for purposes of engaging in illicit sexual conduct. On June 28, 2025, the defendant transported MV1, MV2, and Adult Female 1 (AF1) to Portland, Oregon. The defendant rented a hotel room for MV1, MV2 and AF1 and instructed them to walk on 82nd for the purpose of finding customers with whom to engage in sexual acts.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct underlying Count 1 and Count 3, pursuant to USSG § 2G1.1, is a Base Offense Level of 34, prior to adjustments.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in

this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

**EARLY RESOLUTION: Because the defendant agreed to resolve his case prior to the first trial setting and did not file pretrial motions, the government will agree to recommend a three-level downward variance to his guideline range pursuant to 18 U.S.C. § 3553(a).**

9. **Advisory Guideline Calculation:** The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1 and Count 3.

| | | |
|---|---|---|
| U.S.S.G. § 2G1.3 | Base offense level | 34 |
| U.S.S.G. § 2G1.3(b)(2)(B) | Undue Influence | +2 |
| U.S.S.G. § 2G1.3(b)((3) | Use of Computer | +2 |
| U.S.S.G. § 2G1.3(b)(4)(A) | Commission of a Sex Act | +2 |
| U.S.S.G. § 3D1.4 | Multi Count Adjustment | +2 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -3 |
| | Total Offense Level | 39 |

**10.** **Sentencing Recommendation**: The USAO will recommend a **sentence within guidelines** or the mandatory minimum sentence of 15 years should the guidelines fall below the mandatory minimum sentence; followed by 5 years of supervised release, and the $100 statutory fee assessment, as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Additional Adjustments or Variances**:
The USAO agrees not to seek any upward adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

A. Defendant reserves the right to seek a downward adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The defendant may not seek a sentence below the mandatory minimum sentence of 15 years.

B. Defendant agrees that, should defendant seek a downward adjustment or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any

witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial

Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement or will not be prosecuted under the terms of this plea agreement. Specifically, the defendant agrees to pay the full amount of each victim's losses as determined by the Court with respect to Minor Victim 1, Minor Victim 2, and Adult Female 1.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to; or 18 U.S.C. § 1594.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which [has been or may be] initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

G. **Disclosure of Assets**: Defendant agrees to completely and truthfully disclose to law enforcement officials, at a date and time to be set by the USAO, the whereabouts of defendant's ownership interest in, and all other information known to defendant about, all monies, property, or assets of any kind in the possession of defendant or nominees, derived from or acquired as a result of, or involved in, or used to facilitate the commission of defendant's illegal activities, and to complete and deliver to the USAO no later than [date] a financial disclosure form listing all of defendant's assets. Defendant understands and acknowledges that the USAO is relying upon defendant's representations in entering into this plea agreement. If those representations are false or inaccurate in any way, the USAO may pursue any and all forfeiture remedies available, may seek to have the plea agreement voided, and may seek to have defendant's sentence enhanced for obstruction of justice pursuant to USSG § 3C1.1.

H. **Polygraph Examination**: Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States, with an examiner selected by the USAO. If the examination results indicate an intent to deceive the USAO with respect to assets, defendant will be afforded the opportunity to review and explain the deceptive responses. If, after consideration of defendant's responses, the USAO is convinced defendant's financial statement is not complete and truthful, the USAO is not limited to the forfeiture set forth in this agreement and is free to pursue all forfeiture remedies available.

18. **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon defendant's signing of this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

19. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

20. **Deadline**: This plea offer expires if not accepted by August 30th at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Kate A. Rochat*
KATE A. ROCHAT
ELIZA CARMEN-RODRIEGUEZ
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/19/26
Date

Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/19/2026
Date

Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

Date

Interpreter (if necessary)